AO 241
(Rev. 06/13)



RECEIVED

SEP 19 2022

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District of Alaska |
|---|---|

| Name (under which you were convicted):  Justin Starkweather | Case No.: 3:22-cv-00205 JMK 3KN-S02-253cr |
|---|---|

| Place of Confinement :  Spring Creek Correctional | Prisoner No.: 431109 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Justin Starkweather | v. State of Alaska |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Superior Court For The State Of Alaska
   Third Judicial District At Kenai

   (b) Criminal docket or case number (if you know): 3KN-S02-253cr

2. (a) Date of the judgment of conviction (if you know): October 15th 2004

   (b) Date of sentencing: May 20th 2005

3. Length of sentence: 80 years with 25 suspended

4. In this case, were you convicted on more than one count or of more than one crime? ☒ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Attempted Murder 1st Degree
   Assault 1st Degree
   Sex Assault 1st Degree
   Burglary 1st Degree
   Theft 4th Degree

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty    ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty    ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes    ☒ No

8.    Did you appeal from the judgment of conviction?

      ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: Alaska Court of Appeals

(b) Docket or case number (if you know): A-9296

(c) Result: 1st- Remand due to discovery violation. 8-19-09 App op# 5506
2nd- Affirmed w/ exception to merge cts.2&3 and resentence.

(d) Date of result (if you know): 12-10-10 App op# 2284

(e) Citation to the case (if you know): Starkweather v. State 2009, 2010

(f) Grounds raised:

      6 Points raised in Opening Brief documented

    on page 2a attached behind page 2 of this petition.

(g) Did you seek further review by a higher state court?    ☒ Yes    ☐ No

    If yes, answer the following:

    (1) Name of court: Supreme Court for the State of Alaska

    (2) Docket or case number (if you know): S-14135

    (3) Result: Denied Petition for Hearing

    (4) Date of result (if you know): March 15th 2011

## Grounds raised on Appeal-9296

1. The trial court erred in limiting the defense presentation of evidence that Fred Bahr, another suspect in the case, committed the charged crimes.

2. The trial court erred in failing to release to the defense the prosecutor's notes of her interview with other suspect. Fred Bahr and in failing to require the prosecutor to orally divulge the substance of that interview.

3. The trial court erred in allowing the state to present the testimony of jailhouse informant Jeremy Cooper after the state violated Criminal Rule 16 in delaying discovery of Cooper's existence, identity, and statements until the middle of trial.

4. The cumulative effects of the various errors in this case deprived Justin Starkweather of a fair trial and require reversal of the convictions.

5. The trial court erred in ruling that the *first-degree* assault conviction did not merge with the attempted murder conviction.

6. The sentence is excessive.

(5) Citation to the case (if you know):   Starkweather v. State S-14135

(6) Grounds raised:

1. The Court of Appeals erred in holding that Starkweather was not entitled to discovery of the notes of the prosecutor's interview with Bahr and that the prosecutor wasn't required to give an oral summary of interview w/Bahr.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:  Superior Court State of Alaska

(2) Docket or case number (if you know):   3KN-12-92CI

(3) Date of filing (if you know):   1st- 9-20-17
2nd- 8-8-18

(4) Nature of the proceeding:   Post-Conviction Relief

(5) Grounds raised:

1. Due Process Violation by the State.

2. Ineffective Assistance of Counsel.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Dismissed Post-Conviction Relief

(8) Date of result (if you know): July 4th 2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

Case 3:22-cv-00205-ACP-KFR    Document 1    Filed 09/19/22    Page 5 of 17

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☐ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** The trial ccourt erred in limiting the defense presentation of evidence that Fred Bahr, another suspect in the case, committed the charged crimes.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): A defendant's right to present a defense is a fundamental element of due process. Judge Cranston erred in not permitting Starkweather to present evidence of Bahr's conviction for sexual assault. A trial court's rulings that substantially infringe upon that right violate the defendant's due process rights as guaranteed by the Fifth Amendment to the United States Constitution and Article 1,§7 of the Alaska Constitution. Bahr was ruled the Other Suspect and had a sexual assault conviction 8 years prior with the same modus operandi. The judge also erred in not allowing Detective Ryan to testify to the details of Bahr's 3rd degree assault charge that stemmed from his girlfriend refusing to have sex with him. Extremely relevant to this case.

(b) If you did not exhaust your state remedies on Ground One, explain why: .

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

```
       This issue is not allowed to be raised in post-conviction

   proceedings, but was appealed in my merit appeal and had

   a petition to the Supreme Ct. for a hearing.
```

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Appealed to Ak Ct. of Appeals A-9296 and petitioned for a hearing to Ak Supreme Ct. for ground raised in S-14135.

**GROUND TWO:** The trial court erred in failing to release to the defense the prosecutor's notes of her interview with Other Suspect Fred Bahr and in failing to require the prosecutor to orally divulge the substance of that interview.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): There was multiple motions filed regarding this issue to include one for motion to dismiss for prosecutorial misconduct. All of the rulings on the facts of findings were ruled in favor of the state due not having proof that the prosecutor had acted in bad faith or suppressed evidence even though she refused to answer questions when asked by the trial judge. I have "2" post trial interviews with the "other suspect" to prove that what my trial attorney alleged did in fact occur. Clear Brady violation and I have a Due Process Right under the Fifth and Fourteenth Amendment to the United States Constitution and Article 1 § 7 of the Alaska Constitution to a fair trial. My constitutional rights to Compulsory process were effected as well. This issue was raised from the begining of trial and all the way to the Supreme Court. My trial judge is deceased and issue circumvented.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Amended application for post-conviction relief

Name and location of the court where the motion or petition was filed:
Superior Court For The State Of Alaska Third Judicial District At Kenai

Docket or case number (if you know): 3KN-12-92CI

Date of the court's decision: July 4th 2019

AO 241
(Rev. 06/13)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Court of Appeals for State of Alaska

Docket or case number (if you know): A-13477

Date of the court's decision: 3-16-22

Result (attach a copy of the court's opinion or order, if available): The Post-Conviction Application was dismissed without a hearing. The petition to the AK Supreme Ct. was denied.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two Appealed to Ak Ct. of Appeals in A-9296 and A-13477 and petitioned for hearing in S-14135 and S-18397.

**GROUND THREE:** The trial court erred in allowing the state to present testimony fo jailhouse informant after the state violated Criminal Rule 16 by delaying discovery until the middle of trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): I was not allowed to voir dire my jury regarding jailhouse informant testimony. This was highly prejudicial as I have Always maintained my absolute innocence. The Federal and State Constitutions guarantee the right to a fair trial and not precluding the testimony of this informant or declaring a mistrial clearly deprived me of a fair trial. The state had already attempted to use a previous informant that I proved didn't occur and coincidentally enough both informant's were represented by the same attorney. Criminal rule 16 was designed to eliminate the ability to sandbag the defense as we aren't able to prepare for trial as is my constitutional right.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     (☒ No)

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
This issue could not be appealed past the merit appeal and petition to the supreme ct., but i was able to raise the issue colaterally in my ineffective assistance of counsel claim in my post- conviction relief due to my attorney not requesting a mistrial after the state acknowledged the discovery violation after threatening to do so in the motion to preclude.

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:    It was raised in part in my post-conviction appeal, by my ineffective assistance of counsel. claim.


**GROUND FOUR:**   Ineffective Assistance of Trial Counsel.


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   My trial counsel did not move for a mistrial when the state violated discovery rules when her motion to preclude was denied even though I asked her to request a mistrial due to not being able to voir dire my jury on jailhouse informants. My trial attorney also failed to challenge the DNA samples "chain of custody" that had defects in the state's chain of custody for one specific sample that was a mixture sample. My attorney didn't hire an expert to challenge the state's evidence even though they could not say what type of substance it was except that it wasn't blood My attorney said she would in fact request a mistrial if the informant was allowed to testify but then did not. The judge couldn't declare a mistrial sua sponte, as that was warranted.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

My post-conviction attorney raised both issues in my first amended application but didn't raise the dna issue in the second application, but the only affidavit that I signed was for both issues to be raised. Ihave no idea why my merit appeal attorney didn't raise the issue in the merit appeal.


(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☒ Yes       ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   I have no idea why the merit appeal attorney didn't raise the claim.


(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Post-conviction Relief

Name and location of the court where the motion or petition was filed:

In The Superior Court For The State Of Alaska
Third Judicial District At Kenai

Docket or case number (if you know): 3KN-12-92CI

Date of the court's decision: ~~confirmed the PCR~~ July 4th 2019

Result (attach a copy of the court's opinion or order, if available):

Dismissed the PCR

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: AK Court of Appeals

Docket or case number (if you know): S-18397

Date of the court's decision: 8-19-22

Result (attach a copy of the court's opinion or order, if available):

Denied petition for a hearing

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: Appealed to AK court of Appeals A-13477 and petitioned the AK Supreme Ct for a hearing S-18397.

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes        ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?        ☐    Yes      ☒ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?        ☐    Yes      ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  `I don't believe I had a preliminary hearing`

(b) At arraignment and plea:  `Peter Mysing, uncertain of address was in 2002.`

(c) At trial:  `Cynthia Strout, 745 W. 4th Ave. Suite 200 Anchorage, AK 99501`

(d) At sentencing:  `Cynthia Strout, 745 W. 4th Ave. Suite 200 Anchorage, AK 99501`

(e) On appeal:  `Sharon Barr, Alaska Public Defender Agency 900 West 5th Ave. Suite 200 Anchorage, AK 99501`

(f) In any post-conviction proceeding:  `Gazewood & Weiner, PC 1008 16th Ave. Suite 200 Fairbanks, AK 99701`

(g) On appeal from any ruling against you in a post-conviction proceeding:  `Jason Weiner & Associates P.C. Attorney's at Law 1008 16th Ave. Suite 200 Fairbanks, AK 99701`

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  `To reverse and dismiss the charges against me due to the constitutional violations. If dismissal isn't warranted, then reversal of charges and remand for a new trial.`

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on      9 - 1 5 - 2 2      (month, date, year).

Executed (signed) on     9 - 1 4 - 2 2                (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

